# UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

**KAREN A. OVERSTREET**
Chief Judge

UNITED STATES COURTHOUSE
700 Stewart Street
Suite 7216
Seattle, Washington 98101-1271
Phone: 206-370-5330
Fax: 206-370-5335
www.wawb.uscourts.gov

December 6, 2005

<u>Via ECF</u>

Mr. Arnold M. Willig
Hacker Willig, Inc. P.S.
520 Pike St., Suite 2510
Seattle, WA 98101

Mr. Larry K. Engel
106 W. Roy Street
P.O. Box 9598
Seattle, WA 98109

Mr. David B. Adler
520 Pike Street, #1415
Seattle, WA 98101

    Re: *Banner Bank v. Evergreen Cardiology, et al.*: 04-01377

Dear Counsel:

    This letter ruling supplements my Memorandum Decision of October 19, 2005 (the "Memorandum Decision"), as well as my oral ruling on November 18, 2005.[1] At the hearing on November 18, I asked Mr. Wagner to (i) provide me with additional calculations of amounts due under the notes at issue in the adversary proceeding, and (ii) clarify his statement that the $60,000 transfer made on May 25, 2001 from the checking account of CSH to the account of another customer of the bank had been reversed.[2] At the hearing I also asked Mr. Forman to confirm the amount of

---

    [1] Terms used in this letter and not defined will have the meaning given to them in the Memorandum Decision.

    [2] The $60,000 transfer is discussed on pages 50 and 51 of the Memorandum Decision.

the late fees ($10,607.76) I held on pages 63 and 64 of the
Memorandum Decision would be offset against the defendants'
obligations to Banner Bank.

On November 30, 2005, the bank filed a Supplemental
Declaration of Robert Wagner Regarding Interest Calculations and
Treatment of Transfers. In that declaration, Mr. Wagner provided
the interest calculations I asked for and explained how the
$60,000 transfer referred to above had been re-credited to CSH by
a credit to the L Loan (as opposed to the N Loan) effective
May 25, 2001. I have verified that he is correct by reviewing
the trial exhibits. *See* Ex. P-25, Tab 4, p. BBE04574.
Accordingly, my Memorandum Decision is amended to reflect that I
will not award CSH an offset for that $60,000 plus interest.[3]

At the hearing I took under advisement the defendants'
contention that as a matter of equity the bank should not be
permitted to collect default interest on the notes at issue. The
defendants argue that because Banner Bank sought to collect
amounts in excess of what I have awarded in this proceeding the
bank should be penalized for those collection efforts by a denial
of its right to default interest. There is no dispute that the
notes provide for the rates of default interest used by Mr.
Wagner in his calculations. I find no legal support for the
defendants' theory. As a matter of equity, I will accept
Mr. Wagner's calculations in column two of the table on page 7 of
his Declaration (wherein he uses 18% and 6% rates of interest as
applied to offsets awarded defendants), as a fair resolution of
defendants' equitable claim. This calculation results in a
reduction in the defendants' liability by $20,896 as compared to
the total based upon a straight interest rate of 12% (column
three of Mr. Wagner's table), which is more reflective of what
Washington state law would dictate.[4]

Mr. Forman has not filed a supplemental declaration
identifying the trial exhibit(s) that substantiate the $10,607.76
in late fees. Rather than delay these proceedings further and
require Mr. Wagner to recalculate the judgment amounts without

---

[3] According to my calculations, that would bring the total
debt in column two to $4,942,073.

[4] Upon further consideration, I conclude there is no legal
authority for permitting the defendants to recover interest at
24% on the amount of the offsets after the loans went into
default.

the inclusion of the late fees, I will include that amount in the offsets.

    I have signed the order and each of the six judgments submitted by Mr. Willig with minor revisions. The principal changes include my incorporation in the orders/judgments by reference this letter ruling and my oral ruling on November 18, 2005, and the addition of language **in the order** related to the allowance of Banner Bank's claim in the Evergreen bankruptcy proceeding and subsequent determination of what portion of that claim is secured and/or entitled to postpetition interest and fees. Because some of my changes to the order were substantive, I have attached a redlined version showing the changes I made. Once the bank's rights under Section 506(b) have been determined, I believe it would be appropriate to enter an order allowing the claim in the main bankruptcy case.

                                       Very truly yours,

                                       Karen A. Overstreet
                                       Chief Judge

| | |
|---|---|
| | The Honorable Karen A. Overstreet |
| | Chapter 11 |

Arnold M. Willig
Hacker & Willig, Inc., P.S.
520 Pike Street, Suite 2510
Seattle, WA 98101-4006
Telephone 206.340.1935

Attorneys for Banner Bank

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

| | |
|---|---|
| In re: <br><br> EVERGREEN CARDIOLOGY CARE CENTER, P.S. <br><br> 8301 161st Ave. N.E. Suite 302 <br> Redmond, WA 98052 <br> EIN 91-161554 <br>       Debtor. | NO. 04-20652 |
| BANNER BANK, <br><br>       Plaintiff, <br>    v. <br><br> EVERGREEN CARDIOLOGY CARE CENTER, P.S., DENNIS ENOMOTO, and HANNAH LEAH ENOMOTO aka HANNAH LEAH MAHON et al, <br><br>       Defendants. | No. A04-01377 <br><br> **ORDER ESTABLISHING VALIDITY AND ENFORCEABILITY OF OUTSTANDING PROMISSORY NOTES AND GUARANTIES AND ALLOWING OFFSETS FOR UNTRACED FUNDS AND CERTAIN CASHIERS CHECKS** |

THIS MATTER came before the Court for trial commencing on December 13, 2004 and continuing on various days through closing argument on April 21, 2005. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1452, 28 U.S.C. § 1334 and 28 U.S.C. § 157.

**ORDER - 1**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2510
Seattle, Washington 98101-4006
Telephone (206) 340-1935

Over the course of the trial the Court considered all admitted exhibits, the testimony of Bruce Nelson, Robert Wagner, Phil Corniel, Didi Howe, Peter Goddu, Wendy Eklund, Harvey Forman, Dennis Enomoto and Hannah Leah Mahon Enomoto, and the parties' pre and post trial briefs, and is fully advised. The Court issued a Memorandum Decision on October 19, 2005 (the "Memorandum Decision"), which was supplemented by an oral ruling on November 18, 2005 and a letter ruling on December 6, 2005. The Court's Memorandum Decision, as supplemented by both the oral ruling on November 18, 2005 and the letter ruling on December 6, 2005, is hereby incorporated in full by reference. Based upon the record before it the Court finds and concludes as follows:

1. Each of the loan documents presented by Banner Bank (as referenced in section II. D of the Memorandum Decision) was validly executed and authorized by the signatory thereto.

2. Defendants are not entitled to any offsets for allegedly unauthorized loan account transfers between and among the accounts of Century Stone Homes Corporation ("Century Stone"); CSH Systems Technologies, LLC ("CSH"); Evergreen Cardiology Care Center, P.S. ("Evergreen"); Dennis Enomoto and Hannah Leah Mahon Enomoto.

3. Defendants are entitled to offsets for funds which were removed from certain checking accounts and could not be traced or were used to fund cashiers' checks which were not validly authorized.

It is therefore,

ORDERED that Banner Bank is entitled to judgment against Century Stone, CSH, Evergreen, Dennis Enomoto and/or Hannah Leah Mahon Enomoto for amounts due on each

**Deleted:** this decision

**Deleted:** cashiers

ORDER - 2

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2510
Seattle, Washington 98101-4006
Telephone (206) 340-1935

Case 04-01377-KAO   Doc 210   Filed 12/06/05   Ent. 12/06/05 13:51:50   Pg. 5 of 7

promissory note identified during trial and admitted as Plaintiff's Exhibits 1 and 1-O, 2 and 2-O, 3 and 3-O, 4 and 4-O, 5 and 5-O, 6 and 6-O, 7 and 7-O and 8 and 8-O, minus the offsets, and accrued interest on such offsets, as set forth in the Court's Memorandum Decision. It is further

ORDERED that the judgment entered in King County Superior Court on December 30, 2003 against Evergreen Cardiology Care Center, P.S. is hereby affirmed and it is not subject to any offsets or to equitable subordination. Banner Bank shall have an allowed claim in the amount of said judgment, plus any additional amounts ordered by this Court. A determination of how much of Banner Bank's claim is secured, and whether Banner Bank has a right to post-petition interest and attorneys' fees and costs pursuant to 11 U.S.C. § 506(b), shall be subject to further proceedings and order of this Court; It is further

ORDERED that Banner Bank is entitled to judgment against Dennis Enomoto and Hannah Leah Enomoto for amounts due on the Century Stone loans, minus offsets, and the Evergreen Loan pursuant to the valid personal guaranties identified during trial and admitted as Plaintiff's Exhibits 14(b) and 10 and 10-O. It is further

ORDERED that Banner Bank is entitled to judgment against Hannah Leah Mahon Enomoto for amounts due on the CSH and Century Stone loans, minus offsets, pursuant to valid personal guaranties identified during trial and admitted as Plaintiff's Exhibit 14(a), 11 and 11-O, and 12 and 12-O.

By this Order all claims between and among the parties, with the exception of the award of additional attorneys' fees and costs and Banner Bank's rights under 11 U.S.C. § 506, are hereby resolved, and the stay imposed by the King County Superior Court with relation to execution of

**ORDER - 3**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2510
Seattle, Washington 98101-4006
Telephone (206) 340-1935

Case 04-01377-KAO    Doc 210    Filed 12/06/05    Ent. 12/06/05 13:51:50    Pg. 6 of 7

the judgment against Evergreen is hereby lifted.

This Order is without prejudice to any party's right to move for an award of attorneys' fees and costs against any other party.  Any appropriate award, as supported by the underlying loan documents and/or statute, will be made by supplemental order of the Court.

SO ORDERED this 6th day of December, 2005.

_____
The Honorable Karen A. Overstreet
Chief United States Bankruptcy Judge

Presented by:

HACKER & WILLIG, INC., P.S.


/s/ Arnold M. Willig
Arnold M. Willig, WSBA #20104
Attorneys for Banner Bank


Approved as to form;
Notice of presentation waived:


_____
David B. Adler, WSBA #16585
Attorney for Dennis Enomoto, et al.



_____
Lawrence K. Engel, WSBA #8421
Attorney for Evergreen Cardiology Care Center, P.S.

**ORDER - 4**

HACKER & WILLIG, INC., P.S.
ATTORNEYS AT LAW
520 Pike Street, Suite 2510
Seattle, Washington 98101-4006
Telephone (206) 340-1935